UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HARINDER JEET SINGH,

                            Plaintiff,

              -v-

UNIVERSAL PROTECTION
SERVICES, LLC, *et al.*,

                            Defendants.

24-CV-4792 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Harinder Singh, proceeding *pro se*, brings this employment discrimination and retaliation action against Defendants Universal Protection Service, LLC d/b/a Allied Universal Security Services ("Allied") and Pref 7 West 51st Street, LLC d/b/a Sedesco, Inc. ("Sedesco") under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. Before the Court are Defendants' motions to dismiss the complaint for failure to state a claim. For the reasons that follow, the motions to dismiss are denied.

I.      **Background**

The following facts are taken from Singh's complaint and are assumed to be true for purposes of resolving Defendants' motions. *Fink v. Time Warner Cable*, 714 F.3d 739, 740-41 (2d Cir. 2013).

Singh is a self-identified "Asian-Indian individual" formerly employed by Defendant Allied as a Fire and Life Safety Director in a building owned by Defendant Sedesco beginning in October 2020. (ECF No. 1 ("Compl.") ¶¶ 1-3, 17.) Shortly thereafter, Singh's hours were reduced from 40 hours to 30 hours per week, while his non-Indian coworker did not have his hours reduced. (*Id.* ¶ 3.) On or around April 19, 2021, Allied fired Singh from his worksite

1

without notice or reason for his termination.  (*Id.* ¶ 5.)  Singh was replaced by a non-Indian

employee who lacked his certification.  (*Id.* ¶ 6.)

On July 24, 2021, Singh submitted two Intake Questionnaires with the Equal

Employment Opportunity Commission ("EEOC") alleging race and national origin

discrimination against both Allied and Sedesco.  (*Id.* at 23-34.)  EEOC Investigator Ashraf

Ahmed received position statements from the parties and advised Singh not to file against

Sedesco, which had not employed him.  (*Id.* ¶ 14; *see also id.* at 15.)  Singh disagreed, and

alleges that Ahmed "issued a wrong charge number" and had his "case file disappeared from the

EEOC office," because Ahmed wanted to protect Sedesco's owner due to shared Muslim faith.

(*Id.* ¶ 14.)  Ahmed left the EEOC around late 2022 or early 2023.  (*Id.* at 15.)

In or around January 2023, the EEOC requested Singh to resubmit his paperwork, which

resulted in two new charges.  (*Id.* ¶ 14.)  According to the EEOC's records, the new charge

against Allied was filed on February 17, 2023, and the new charge against Sedesco was filed on

April 11, 2023.  (*Id.* at 18.)  Another EEOC Investigator, Aracely Francoise, led the EEOC

investigation in 2023; although it is unclear how fully Allied or Sedesco participated in the

earlier charged investigation, they responded and submitted position statements in 2023.  (*Id.* at

16.)  On March 27, 2024, the EEOC dismissed both of Singh's charges and sent him two

Determination and Notice of Rights letters.  (*Id.* at 35-38; *see also id.* at 18-19.)

Singh filed a complaint with this Court on June 6, 2024, alleging racial and national

origin discrimination and retaliation.  (*Id.* at 14.)  On October 3, 2024, Allied filed a motion to

dismiss (ECF No. 6), arguing that Singh's complaint is time-barred because he had not submitted

the EEOC charge within 300 days of the alleged discrimination.  (ECF No. 7 ("Mem.") at 4.)  On

November 19, 2024, Sedesco moved to dismiss with an identical argument.  (ECF Nos. 11, 12.)

Singh filed a response to Allied's motion on October 11, 2024 (ECF No. 8) and a response to Sedesco's motion on December 5, 2024 (ECF No. 13).

## II.    Legal Standard

A complaint must make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  To survive dismissal when faced with a Rule 12(b)(6) motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint may not rely solely upon "naked assertions devoid of further factual enhancement" or upon "mere conclusory statements" that act as recitations of the cause of action. *Id.* at 678 (cleaned up).  However, in resolving a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint, "drawing all reasonable inferences in favor of the plaintiff." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).  Submissions of a *pro se* litigant must be "construed liberally and interpreted to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.,* 963 F.3d 240, 243 (2d Cir. 2020) (quotation marks omitted).  A *pro se* complainant must still state a plausible claim for relief. *Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021).

## III.    Discussion

"Before bringing a Title VII suit in federal court," a plaintiff "must first present the claims forming the basis of such a suit . . . in a complaint to the EEOC or the equivalent state agency." *Littlejohn v. City of New York*, 795 F.3d 297, 322 (2d Cir. 2015) (quotation marks omitted).  "Exhaustion of administrative remedies through the EEOC is an essential element of the Title VII . . . statutory scheme[] and, as such, a precondition to bringing such claims in federal court." *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001)

(quotation marks omitted).  Generally, an EEOC charge must be filed within 180 days of the alleged discriminatory event; the period is extended to 300 days in states like New York that have "local administrative mechanisms for pursuing discrimination claims."  *Banks v. Gen. Motors, LLC*, 81 F.4th 242, 259 (2d Cir. 2023); *see* 42 U.S.C. § 2000e-5(e)(1).  The EEOC may conciliate the charge, bring its own action against the employer, or issue a "Notice of Right to Sue" letter which enables the complainant to file in federal court within 90 days.  *Carey v. N.Y. Gaslight Club, Inc.,* 598 F.2d 1253, 1256 n.3 (2d Cir. 1979), *aff'd*, 447 U.S. 54 (1980).

Although Title VII states a required timeframe between the discriminatory event and the filing of an EEOC charge, it does not define the term "charge."  *Edelman v. Lynchburg Coll.*, 535 U.S. 106, 112 (2002).  An EEOC regulation promulgated under Title VII states that a charge "shall be in writing and signed and shall be verified."  29 C.F.R. § 1601.9.  Verification requires a charge to, at some point, be made "under oath or affirmation."  42 U.S.C. § 2000e-5.  A charge must also be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of."  29 C.F.R. § 1601.12(b).

Singh attached to his complaint two "Charges of Discrimination" filed in 2023, as well as two "Intake Questionnaires" dated July 24, 2021.  (Compl. at 23-34.)  In *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008), the Supreme Court held that an EEOC Intake Questionnaire can qualify as a charge for the purposes of the Age Discrimination in Employment Act ("ADEA") if it contains information required by the regulations and is "reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee."  The Court explained that "[t]he ADEA, like Title VII, sets up a 'remedial scheme in which laypersons, rather than lawyers, are expected to initiate the process.'"  *Id.* at 402.

Courts in this Circuit have applied *Holowecki*'s standard to deciding when Intake Questionnaires constitute charges for the purpose of timeliness in Title VII litigation. *See Brown v. City of New York*, No. 11-CV-2915, 2013 WL 3789091, at *8 (S.D.N.Y. July 19, 2013) (collecting cases). "When the Intake Questionnaire manifests intent to have the agency initiate its investigatory processes, the questionnaire can itself constitute a charge of discrimination." *Littlejohn*, 795 F.3d at 305 n.2. Moreover, since *Holowecki* was decided, the EEOC has modified its Intake Questionnaire to include a box allowing a complainant to expressly declare the complainant's intent to request remedial action by the EEOC, thereby rendering the Intake Questionnaire a charge. *Brown*, 2013 WL 3789091, at *8; *see also Ray v. N.Y. State Ins. Fund*, No. 16-CV-2895, 2018 WL 3475467 at *8 (S.D.N.Y. July 18, 2018) ("When a would-be plaintiff checks the second box indicating that she 'wish[es] to file a charge of discrimination' and that she 'authorize[s] the EEOC to look into the discrimination' described in the questionnaire—and the intake questionnaire satisfies the various criteria set forth in the EEOC's regulations—the intake questionnaire at issue constitutes a charge for . . . exhaustion purposes.").

Singh's submitted Intake Questionnaires, attached to his complaint, fulfill the requirements for charges under 29 C.F.R. § 1601.12. They are written statements sufficiently precise to identify the parties as Allied and Sedesco, and they describe the allegedly discriminatory reduction in hours and removal from worksite that Singh experienced. (*See* Compl. at 25-26, 31-32.) Singh also checked a box on the Intake Questionnaires stating, "I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above." (*Id.* at 28, 34.) This evinces Singh's intent to have the EEOC "initiate its investigatory processes" and take remedial action. *Cf. Littlejohn*, 795 F.3d at 305 n.2; *Brown*, 2013 WL 3789091, at *8. Singh also alleges that the EEOC undertook investigations and

received position statements from the parties in or around 2022 (*id.* ¶ 14), which serves as further evidence that Singh's Intake Questionnaires functioned as charges. *See Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 544 (2019) ("Upon receiving a charge, the EEOC notifies the employer and investigates the allegations."); *Robinson v. Macy's*, No. 14-CV-4937, 2014 WL 6997598 at *7 (S.D.N.Y. Dec. 5, 2014) (holding an Intake Questionnaire constituted a charge where "the EEOC must have understood it was Plaintiff's intention to take action" because it went on to investigate her claims); *Jallow v. Off. of Ct. Admin.*, No. 10-CV-8575, 2012 WL 4044894 at *8 (S.D.N.Y. Sept. 4, 2012), *report and recommendation adopted*, 2012 WL 4435307 (S.D.N.Y. Sept. 26, 2012) (holding an Intake Questionnaire constituted a charge where "the EEOC itself treated [it] as a charge").

Defendants nevertheless focus on the untimeliness of Singh's new 2023 charges and contend that "[w]hile Plaintiff alleges that he filed a timely charge in 2021, he does not allege that he filed this lawsuit within 90 days of having received a right-to-sue notice on the 2021 Charge." (Mem. at 5.) "A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein." 29 C.F.R. § 1601.12(b). Amendments "relate back to the date the charge was first received" as long as any additional factual allegations "relate[] to or grow[] out of the subject matter of the original charge." *Id.* "The regulations do not set forth [a] specific time limit for filing an amendment" other than that a proper amendment must be submitted "before the issuance of the right to sue letters." *Hopkins v. Digital Equip. Corp.*, No. 93-CV-8468, 1998 WL 702339, at *2 (S.D.N.Y. Oct. 8, 1998). In determining whether an amendment is proper, "courts look to the actions of the EEOC for guidance . . . , particularly noting whether the agency 'did in fact investigate plaintiff's

claims against' a defendant." *McPartlan-Hurson v. Westchester Cmty. Coll.*, No. 13-CV-2467, 2018 WL 3104094, at *9 (S.D.N.Y. June 21, 2018), *aff'd*, 804 F. App'x 41 (2d Cir. 2020).

Singh's 2023 charges, for which he received the right-to-sue letters, constitute amendments to his timely 2021 charges and relate back to the 2021 filing date. Singh's later charges do not present any new bases of discrimination, and his complaint in federal court alleges identical events as his initial Intake Questionnaires. Thus, Singh's 2023 charges are properly viewed as amendments "to cure technical defects or omissions, including failure to verify the charge." 29 C.F.R. § 1601.12(b). One potential technical defect with the 2021 Intake Questionnaires is that they were not verified, containing no oath or affirmation. Using the "actions of the EEOC for guidance on decisions regarding proper amendments," *cf. McPartlan-Hurson*, 2018 WL 3104094, at *9, including the fact that the EEOC did investigate and reach determinations on Singh's 2023 charges, the Court concludes that Singh's 2023 charges are most favorably interpreted as proper amendments that relate back to his timely 2021 Intake Questionnaires. (*See, e.g.*, Compl. at 18-19 (EEOC letter discussing at length its records on Singh's 2023 charges without noting any timeliness issues or defects).).

Accordingly, Defendant's sole argument that Singh did not timely exhaust administrative remedies fails.

## IV.    Conclusion

For the foregoing reasons, Defendants' motions to dismiss is DENIED.

Defendants shall file answers to the complaint within fourteen days after the date of this opinion and order. *See* Fed. R. Civ. P. 12(a)(4)(A).

The Clerk of Court is directed to close the motions at Docket Numbers 6 and 11.

The Clerk is also directed to mail a copy of this opinion and order to the *pro se* plaintiff.

SO ORDERED.

Dated: July 11, 2025
       New York, New York

                                      J. PAUL OETKEN
                                    United States District Judge